# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| ALBERT "DOMINICK" CAPOZZI | CIVIL ACTION NO. 08-776 |
| VS. | JUDGE DOHERTY |
| ATWOOD OCEANICS, INC., ARAMARK U.S. OFFSHORE SERVICES, INC. | MAGISTRATE JUDGE METHVIN |

### RULING ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND ARAMARK U.S. OFFSHORE SERVICES, LLC'S MOTION FOR PROTECTIVE ORDER
(Rec. Docs. 42 and 51)

Before the court is plaintiff's motion to compel and defendant Aramark's motion for protective order. The motions are related, so will be ruled on together. Both are opposed.

### *Background and Argument*

In this personal injury action, plaintiff alleges he suffered an accident aboard the ATWOOD RICHMOND when he sat down in a chair, which collapsed. Plaintiff alleges as a result of the collapse, he suffered "severe, painful, and lasting injury to the intervertebral discs at L4-5 and L5-S1. . . ."[1]

In his motion to compel, plaintiff seeks responses to his requests for production numbers 11 and 15. Request number 11 seeks copies of insurance policies in effect on the date of plaintiff's accident, March 30, 2008, and request number 15 seeks Aramark's safety manuals in effect on March 30, 2008, and at the time of the response to the request.[2]

Aramark objected to the request for insurance policies on boilerplate grounds as "overly broad and unduly burdensome," and more particularly as follows:

---

[1] *Complaint* (rec. doc. 1).

[2] Plaintiff stated in his opposition to the motion for protective order that Aramark had provided the requested safety manual after the motion to compel was filed. (See rec. doc. 56). Thus, the request to compel its production is moot, and will not be further discussed in this ruling.

> Defendant further objects to this request on the grounds that it seeks production of documents and information that are confidential and proprietary in nature. Indeed, Defendant's insurance policies are not simply standard contractual forms, but are sophisticated commercial agreements that contain confidential, sensitive and proprietary information and trade secrets as to Defendant and various other businesses affiliated with ARAMARK Corporation. Such confidential, sensitive and proprietary information and trade secrets include but are not limited to confidential premium costs and rates which ARAMARK Corporation incurs to purchase insurance coverage for the various affiliated corporate entities. If such policies were to be disclosed, Defendant and ARAMARK Corporation would be severely prejudiced.
>
> Subject to the foregoing objections and without waiver thereof, Defendant will produce redacted copies of all declaration sheets or pages for all relevant insurance policies that may be used to satisfy all or part of a judgment which may be entered in the action or to indemnity or reimburse for payments made to satisfy any such judgment. To the extent plaintiff believes that the insurance polices evidenced by the declaration sheets produced in this matter are insufficient to satisfy a potential judgment in this matter, Defendant hereby represents and warrants that it has sufficient financial assets to satisfy any such judgment.[3]

Plaintiff argues it is entitled to the insurance policies under Fed. R. Civ. P. Rule 26(a)(1)(A), as the initial disclosure rules clearly and unequivocally call for the production of the insurance policies in their entirety. In addition to the production of materials, plaintiff asks for expenses, including reasonable attorney's fees, incurred in filing the motion to compel.

In opposition to the motion to compel, Aramark argues its has provided all relevant insurance policy information. Furthermore, Aramark argues, if the policies are circulated outside of this litigation, they could "provoke additional litigation against Aramark, once the nature and limits of Aramark's coverage are known," and may "provide [competitors] with insights into Aramark's confidential business dealings. . .[and] business negotiations."[4] Aramark explains it has tried to get

---

[3] Response to Request No. 11, *Memorandum in Support of Plaintiff's Motion to Compel Discovery* (rec. doc. 42-2), p. 4.

[4] *Aramark U.S. Offshore Services LLC's Response to Plaintiff's Motion to Compel Discovery*, (rec. doc. 50), p. 3.

plaintiff to enter into a protective order, but plaintiff has refused. Thus, in conjunction with its opposition to the motion to compel, Aramark filed the motion for protective order.

In its motion for protective order, Aramark states it "files this Motion for Protective Order directing the parties to maintain the confidentiality of Aramark's insurance information and use it for the purposes of this case only, to not disclose said information to third parties, and to return any and all copies of Aramark's insurance information to counsel for Aramark at the conclusion of this case. . . ."[5] The proposed protective order reads "Aramark will produce the portions of its policy relevant to the loss alleged in this case," under the above provisions.

Plaintiff objects to the language of Aramark's proposed protective order, which he argues only requires Aramark to produce the portions of the policies deemed relevant by Aramark. Plaintiff states he agreed to allow Aramark to redact language in the policies reflecting the amount Aramark paid, but "objects to the issuance of a protective order, which would relieve Aramark of its Rule 26 obligation to produce its insurance policies."[6]

### *Applicable Law and Discussion*

Rule 26(a)(1)(A)(iv) requires a party, without awaiting a discovery request, to provide to other parties "for inspection and copying as under rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment."

The rule does not allow a party to designate which parts of an insurance agreement are relevant or not. The rule is very clear that "any insurance agreement under which an insurance

---

[5] *Aramark U.S. Offshore Services LLC's Motion for Protective Order* (rec. doc. 51), p. 1.

[6] *Plaintiff's Memorandum in Opposition to Aramark's Motion for Protective Order* (rec. doc. 56), p. 4.

business may be liable" is to be produced, without awaiting any discovery request. Aramark has cited no authority for its position that it need only disclose the portions of its insurance policies it deems relevant. Therefore, under the clear mandate of Fed. R. Civ. P. 26(a)(1)(A)(iv), Aramark will be ordered to produce any applicable insurance policies, in whole, immediately.

Plaintiff does not specifically resist production under a protective order, but rather Aramark's insistence on production only of those portions of the policies that Aramark judges relevant. Plaintiff wants the entire policies, which, as discussed above, he is entitled to under Fed. R. Civ. P. 26(a)(1)(A)(iv).

Fed. R. Civ. P. Rule 26(c)(1)(G) provides that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way. . . ."

Aramark alleges it insurance policies contain confidential and sensitive business information, and their release could encourage further litigation. The court questions whether these concerns are entirely realistic.[7] However, for the purposes of this motion, and noting the plaintiff's lack of objection to a protective order in general, the court will assume they are, and grant a modified protective order. As stated above, the policies shall be produced, pursuant to the protective order, in whole. Furthermore, counsel are entitled to keep a copy of any policies at the conclusion of the litigation in the interest of a complete litigation file, and the policies need not be returned to counsel for Aramark.

---

[7] Aramark may want to reconsider the information it includes in its insurance policies, as they are clearly required to produce same, in whole and without request, every time a lawsuit is filed against it in federal court under Fed. R. Civ. P. 26(a)(1)(A)(iv).

*Conclusion*

For the reasons give above,

**IT IS ORDERED** that Plaintiff's Motion to Compel Discovery (rec. doc. 42) is **GRANTED IN PART AND DISMISSED AS MOOT** in part as follows:

1)  Aramark shall produce all applicable insurance policies as requested and as required under Fed. R. Civ. P. Rule 26(a)(1)(A)(iv) immediately;

2)  Plaintiff is awarded reasonable expenses, including attorney's fees, incurred in filing the motion to compel;

3)  An affidavit of attorneys fees and expenses shall be filed in the record within 14 days of the date of this order, or the motion will be considered withdrawn. Any opposition to the affidavit shall be filed within 10 days after the affidavit's submission;

4)  The remaining requests for relief are **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that Aramark U.S. Offshore Services LLC's Motion for Protective Order (rec. doc. 51) is **GRANTED IN PART AND DENIED IN PART** as follows:

1)  Each party who receives a copy of Aramark's insurance policies shall maintain their confidentiality and use it only for the purposes of this litigation of this case;

2)  The parties shall not disclose the contents of Aramark's insurance information to any third party in any manner whatsoever;

3)  The remaining requests for relief in the motion for protective order are **DENIED**.

Signed at Lafayette, Louisiana, on September 20, 2009.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)